IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| ELLA S. BROWN, | * |
| Plaintiff, | Case No.: GJH-17-3076 |
| v. | * |
| CAPITAL ONE, N.A., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Ella S. Brown, on behalf of herself and all others similarly situated, brings a class action against Defendant Capital One, N.A., alleging that Capital One extended secured financing to Maryland borrowers and charged "convenience fees" in violation of the Maryland Credit Grantor Closed End Credit Provisions, Md. Code Ann., Comm. Law. § 12-1001 *et seq*. ("CLEC"). Multiple motions are pending before the Court, including Defendant's Motion to Dismiss, ECF No. 16, Plaintiff's Motion to Remand, ECF No. 19, and Plaintiff's Motion to Certify Legal Questions to the Court of Appeals of Maryland, ECF No. 32.[1] No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted and Plaintiff's Motions are denied.

---

[1] Also pending are Plaintiff's Motion for Leave to File her First Amended Class Action Complaint, ECF No. 25, and Defendant's Motion to Strike Plaintiff's Supplemental Opposition to its Motion to Dismiss, ECF No. 28.

1

## I. BACKGROUND

### A. Factual Background[2]

On January 26, 2011, Plaintiff purchased a vehicle from "Easterns Mega Center of Laurel" and financed the purchase through a Retail Installment Sale Contract ("RISC"), which was subsequently assigned to Defendant. ECF No. 2 ¶¶ 18–19, 22. The RISC affirmatively elects to be governed under CLEC. *Id.* ¶ 20. The principal amount owed by Plaintiff was $23,323.65. *Id.* ¶ 23. Defendant received payments on Plaintiff's RISC totaling less than the principal amount owed (or amount financed), including approximately $10,000 towards interest, costs, fees, or other charges. *Id.* ¶¶ 27, 28. On or around February of 2014, Defendant repossessed the vehicle, sold it, and demanded Plaintiff pay a deficiency balance of $11,226.50 after accounting for proceeds collected from the vehicle sale. *Id.* ¶¶ 31–33. Plaintiff alleges that Defendant has extended secured financing to more than 1,000 borrowers in Maryland through credit contracts electing CLEC each year, similar to the RISC Plaintiff used to finance purchase of her vehicle. *Id.* ¶ 7. Plaintiff further alleges that Defendant charged a "convenience fee" to Plaintiff and more than 500 other CLEC customers each year. *Id.* ¶ 10. Defendant allegedly charged this convenience fee throughout the life of the loans when collecting payments by phone through a live representative or through an automated system and through the internet in violation of Maryland law. *Id.* ¶ 8.

### B. Procedural Background

Plaintiff filed her one-count Complaint as a class action in the Circuit Court for Montgomery County, Maryland on August 9, 2017. Defendant timely removed the case to this Court on October 20, 2017, ECF No. 1, and filed a Motion to Dismiss on October 27, 2017. ECF No. 16. On November 2, 2017, Plaintiff moved to remand the case to the Circuit Court for

---

[2] Unless otherwise noted, the facts are taken from Plaintiff's Complaint and assumed to be true.

Montgomery County. ECF No. 19. Thereafter, on November 27, 2017, Plaintiff moved for leave to file an Amended Complaint, seeking to replace her CLEC claim with a claim for breach of contract. Although Plaintiff sets forth a new cause of action, her breach of contract claim centers on Defendant's alleged violation of CLEC. ECF No. 25.[3] Finally, on December 5, 2017, Plaintiff filed a motion seeking certification of the following questions to the Court of Appeals of Maryland:

> 1 – When does a cause of action for a violation of CLEC or a breach of contract based on CLEC's statutory duties accrue?
>
> 2 - Whether a consumer must pay more than the principal amount of the credit extension under CLEC or a breach of contract based on CLEC's statutory duties to recover the damages in CLEC § 12-1018(a)(2) or CLEC § 12-1018(b)?

ECF No. 32.

## II. STANDARD OF REVIEW

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint, relying on only well-pled factual allegations, must state at least a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To determine whether a claim has crossed "the line from conceivable to plausible," the court must employ a "context-specific inquiry," drawing on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679–80. When performing this inquiry, the court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

---

[3] After moving for leave to amend her Complaint, Plaintiff filed a supplemental response to Plaintiff's Motion to Dismiss, arguing that the Motion is moot in light of the amended complaint. ECF No. 26. In response, Defendant filed a motion to strike the filing as an improper surreply. ECF No. 28.

## III. DISCUSSION

In Maryland, when the purchase of a motor vehicle is financed by an installment sale, the lender may elect for the contract to be governed by CLEC by written election in the loan contract. *See Patton v. Wells Fargo Financial Maryland, Inc.*, 85 A.3d 167, 170–171 (Md. 2014) (citing CLEC, § 12-1013.1(a)(2)). CLEC provides certain protections to consumer borrowers in transactions involving closed end credit (*i.e.*, an extension of credit in which the borrower receives the benefit of the proceeds of the loan immediately and repays the principal, interest, and other charges in future installments). *Id.* Relevant to this action and the pending motions, CLEC sets forth the following restrictions and penalties on creditors who violate the statute's protections:

> [I]f a credit grantor violates any provision of this subtitle the credit grantor may collect only the principal amount of the loan and may not collect any interest, costs, fees, or other charges with respect to the loan. § 12-1018(a)(2) . . . In addition, a credit grantor who knowingly violates any provision of this subtitle shall forfeit to the borrower 3 times the amount of interest, fees, and charges collected in excess of that authorized by this subtitle. § 12-1018(b).

### A. Motion to Remand

Defendant removed this action from the Circuit Court for Montgomery County, Maryland pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA allows defendants to remove class actions consisting of more than 100 plaintiffs where the citizenship of at least one plaintiff is different from that of at least one defendant, and the amount in controversy exceeds $5 million. *Id.* at §§ 1332(d)(2); 1132(d)(2)(A); 1332(d)(6). Plaintiff moves to remand the action, arguing that the Court does not have subject matter jurisdiction because there is no justiciable case or controversy.[4] ECF No. 19 at 1.[5] Alternatively, Plaintiff

---

[4] Plaintiff concedes that Defendant has satisfied its evidentiary burden to prove that the amount in controversy exceeds $5 million and withdraws her initial argument to the contrary. ECF No. 27 at 1 n.1.

4

argues that the case or controversy is moot because Defendant notified Brown by letter dated September 28, 2017 that it had waived and credited her for all of the convenience fees, waived any outstanding balance on the loan, affirmatively stated that it would not undertake any efforts to collect any amounts from Plaintiff and deleted the trade line from her credit reports. *See* ECF No. 19-2.

Plaintiff suggests that under Fourth Circuit precedent, "a justiciable 'case or controversy' does not arise between a consumer and a credit grantor until the credit grantor collects more than the principal amount of the loan." ECF No. 19 at 7 (citing *Gardner v. GMAC, Inc.*, 796 F.3d 390, 393–94 (4th Cir. 2015)); *Bediako v. American Honda Finance Corp.*, 537 F. App'x 183 (4th Cir. 2013); *see also id.* ("a cause of action arising under Maryland state law does not arise until a party 'first sustains compensable damages[.]'" (citing *Edmonds v. Cytology Serv. of Maryland, Inc.*, 681 A.2d 546, 564 (Md. Ct. Spec. App. 1996))).[6] According to Plaintiff, Defendant has not, and will not, collect additional payments that exceed the principal amount of the loan. *Id.* at 9. Therefore, because Plaintiff has not alleged any actionable damages to create a case or controversy for the Court to consider, the Court lacks subject matter jurisdiction and must remand the case.

Plaintiff's interpretation of relevant Fourth Circuit precedent is incorrect. Neither *Garnder* nor *Bediako* held that because defendant collected less than the principal amount of the loan, the Court did not have subject matter jurisdiction; rather, both cases determined that because the defendant collected less than the principal amount of the loan, the plaintiffs failed on

---

[5] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[6] Plaintiff's citation from *Edmonds* actually relates to the beginning of the statute of limitations period in a medical malpractice case and makes no reference to Article III standing. *Edmonds v. Cytology Serv. of Maryland, Inc.*, 681 A.2d 546, 564 (Md. Ct. Spec. App. 1996) ("A patient sustains an 'injury' within the meaning of C.J. § 5-109(a)(1) when, as a result of the tort, he or she first sustains compensable damages that can be proven with reasonable certainty."); *see also* Md. Code Ann. Cts. & Jud. Proc. § 5-109(a)(1) (providing a five-year statute of limitations period for medical malpractice suits).

the merits. *See Gardner*, 769 F.3d at 392 ("Because we conclude that CLEC requires borrowers to have repaid more than the original principal amount of their loans before they are entitled to relief, we affirm [the district court's summary judgment order in favor of creditor]"); *Bediako*, 537 F. App'x at 186 ("We agree . . . that Bediako's claims fail as a matter of law because of her failure to allege actual, compensable damages.").[7]

In fact, the Fourth Circuit expressly rejected a similar standing argument made by the creditor-defendant in *Bediako*. There, the borrower alleged that the creditor sold collateral securing the underlying loan without providing the proper notice as required by CLEC. *Bediako*, 537 F. App'x at 186. However, the Fourth Circuit found that because the creditor never collected payments in excess of the original principal amount of the loan, the borrower had no right to monetary relief under § 12-108(a)(2), and the borrower's claims failed as a matter of law. *Id.* (noting that unlike the Fair Debt Collection Practices Act, CLEC does not provide for any fixed statutory damages beyond the plaintiff's actual loss). At the same time, the Fourth Circuit found that even though the borrower had not suffered a compensable loss, she had alleged that the creditor violated the CLEC, which was "an invasion of a legally protected interest" that was concrete and particularized and a cognizable injury-in-fact. *Id.* at 188 n.4 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The same is true here.

"Subject matter jurisdiction relates to a federal court's *power* to hear a case, and that power is generally conferred by the basic statutory grants of [28 U.S.C. § 1332]." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) (citation omitted)

---

[7] In *Gardner*, the Fourth Circuit held that no case or controversy existed with respect to the plaintiffs' claim for declaratory and injunctive relief because the defendant expressly abandoned any claim for deficiency judgments against the plaintiffs. *Gardner v. GMAC, Inc*., 796 F.3d 390, 396 (4th Cir. 2015). However, because there was a case or controversy regarding plaintiffs' claims for monetary damages under the CLEC, the Fourth Circuit declined to remand the case to state court. *Id.* at 396 n.5.

(emphasis in original). There is no dispute that the Court has power to hear the case pursuant to 28 U.S.C. § 1332(d). Here, just as in *Bediako*, the issue of whether Plaintiff has the right to the monetary relief claimed under § 12-108(a)(2) affects whether Plaintiff has stated a cognizable claim; it does not affect whether the court has the power to dispose of that claim. *See Holloway*, 669 F.3d at 453 (subject matter jurisdiction is not generally resolved by concluding that the plaintiff has failed to allege an element of a cause of action); *see also id.* at 452 ("jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 89, 89 (1998))). Therefore, the Court has subject matter jurisdiction, and Plaintiff's Motion to Remand is denied.

### B. Motion to Amend

After Defendant filed its Motion to Dismiss, Plaintiff moved for leave to file her First Amended Class Action Complaint, seeking to replace her CLEC claim with a claim for breach of contract. ECF No. 25. Pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiffs may amend their complaint with the court's leave, and "[t]he court should freely give leave when justice so requires." "[T]he general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

Plaintiff's proposed breach of contract claim is based on the same CLEC violation alleged in her initial Complaint. Therefore, if Plaintiff's initial CLEC claim cannot survive Defendant's Motion to Dismiss, ECF No. 16, her related breach of contract claim is futile. *See*

7

*Gardner*, 796 F.3d at 397 ("[T]he borrowers' sole basis for a breach-of-contract claim is that [the defendant] violated CLEC. To allow them to pursue nominal damages by asserting a stand-alone breach-of-contract claim would effectively render CLEC's requirement that a borrower suffer actual damages a nullity."). As discussed below, because the Court would dismiss her initial CLEC claim, her related breach of contract claim is futile, and her motion for leave to amend shall be denied.[8]

### C. Motion to Dismiss

Assuming that Defendant has, in fact, charged a convenience fee in violation of the CLEC, the Court must now determine whether Plaintiff is entitled to damages. As discussed above, *Gardner* and *Bediako* make clear that Plaintiff cannot recover damages under CLEC § 12-1018(a)(2) because Defendant never collected payments in excess of the original principal amount of the loan.[9] Furthermore, Defendant has not sought a deficiency judgement against Plaintiff for the remaining balance of her loan, and Plaintiff is not seeking any injunctive or declaratory relief. *See Bediako*, 537 F. App'x at 186 ("Section 12–1018(a)(2), by its plain terms, limits a debtor's relief under CLEC to any amounts paid in excess of the principal amount of the loan.").[10]

Plaintiff attempts to distinguish the holdings of *Bediako* and *Gardner* in two respects. First, Plaintiff argues that because Defendant collected non-principal payments *after* its initial

---

[8] Plaintiff also states that her First Amended Class Action Complaint includes additional facts related to the timing of the alleged convenience payments and request for treble damages. ECF No. 30 at 2. The Court will consider such facts in evaluating Defendant's Motion to Dismiss. Moreover, because the Court will consider Defendant's Motion to Dismiss to assess the futility of Plaintiff's motion for leave to file her First Amended Class Action Complaint, Defendant's Motion to Strike Plaintiff's Supplemental Opposition to the Motion to Dismiss, ECF No. 28, will be denied as moot.

[9] As indicated above, Plaintiff relies on these holdings to make its argument that no case or controversy exists but, nonetheless, seeks to distinguish these cases to avoid the import of the decisions on the merits of this case.

[10] While *Bediako* is an unpublished opinion and therefore not binding authority, the Fourth Circuit expressly followed its holding in *Gardner*, a published opinion. *See Gardner*, 769 F.3d at 394–95, n.2.

8

imposition of a convenience fee in violation of CLEC, Plaintiff need not pay more than the principal amount owed in order to recover damages. *See* ECF No. 21 at 2. According to Plaintiff, the Fourth Circuit left open such a possibility in *Gardner*. In *Gardner*, the creditor repossessed the borrowers' vehicles after allegedly failing to abide by CLEC's notice requirements, and the borrowers argued that they were entitled to the creditor's proceeds from selling the vehicles. *Gardner*, 796 F.3d at 393. In support of their argument, the borrowers relied on *Comm'r of Fin. Regulation v. Ward*, No. CFR-FY2010-418 (Nov. 26, 2013), *aff'd* No. C 13-2191 (Md. Cir. Ct. Feb. 23, 2015) (provided as ECF No.19-3), in which the Maryland Commissioner of Financial Regulation interpreted a statutory damages provision in the Maryland Mortgage Lender Law, Md. Code Ann., Fin. Inst. § 11-236(b) ("MMLL") and awarded damages of all amounts collected other than principal to the aggrieved consumers.[11] However, the Fourth Circuit was not persuaded and distinguished the case with little discussion, noting that in *Ward*, the lender collected non-principal payments *after* violating the law whereas in *Gardner*, the lender's collection of non-principal payments occurred *before* any CLEC violation. *See Gardner*, 796 F.3d at 395 ("This difference in timing renders *Ward* inapposite.").

A closer look at *Ward*, a non-binding regulatory opinion, makes clear that it is also inapposite to Plaintiff's claim herein. First, *Ward* makes no mention of the CLEC. Rather, *Ward* considered the MMLL, among other statues, which confers investigatory powers and enforcement duties to the Commissioner of Financial Institutions. It does not provide consumers with a private cause of action for civil penalties. *See* MMLL, § 11-515. Second, while MMLL § 11-523(b) and CLEC § 12-1018(a)(2) contain similar language, the former imposes a fine or penalty for lenders engaging in unlicensed mortgage lending, whereas the latter creates a

---

[11] Similar to CLEC, violators of the Maryland Mortgage Lender Law "may collect only the principal amount of the loan and may not collect any interest, costs, finder's fees, broker fees, or other charges with respect to the loan." Md. Code Ann., Fin. Inst. § 11–523(b).

civil remedy for aggrieved consumers. The award of non-principal payments under the MMLL in *Ward* was predicated on the fact that the unlicensed lender should never have originated the mortgage in the first place, whereas a violation of the CLEC does not suggest that the lender was otherwise prohibited from extending the loan in question. *See also Scott v. Nuvell Financial Services*, Nos. JFM-09-3110, JFM-10-1094, 2013 WL 6909518, at *1 n.2 (D. Md. Dec. 31, 2013) (further distinguishing *Ward* because, unlike these CLEC actions, the lender in *Ward* was required to return interest payments but still had a security interest in the collateral securing the underlying loan). Moreover, Plaintiff's argument was flatly rejected in *Bediako*. There, the trial court found that the plaintiff failed to state a claim even if the court considered payments collected *after* the alleged CLEC violation because $3,701.03 of principal still remained on the loan. *Bediako*, 850 F. Supp. 2d 574, 582–83 (D. Md. 2012) *aff'd* 537 F. App'x 183 ("No matter how one calculates the effect of the repossession and private sale of Bediako's vehicle, there is simply no way that she suffered any actual damages.").

Second, Plaintiff argues that she is entitled to treble damages under § 12-1018(b) for each unauthorized convenience fee regardless of whether she may recover damages under § 12-1018(a)(2). According to Plaintiff, § 12-1018(b) provides for immediate recovery of any knowingly-charged fee not authorized by the statue because it contains no language pertaining to the principal amount of the loan. ECF No. 21 at 10–11. This argument is not persuasive. Section 12-1018(b) provides for treble damages for fees "collected in excess of that authorized by this subtitle." But since § 12-1018(a)(2) permits a lender that violates the statute to collect the principal amount of the loan, Defendant has not collected any *excess* fees. Plaintiff's argument would require the Court to read § 12-1018(b) in a vacuum, which would run afoul of the rules of statutory construction and ignore the phrase "[i]n addition" at the start of § 12-1018(b) itself. *See*

*John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 94–95 (1993) (each statutory provision should be read by reference to other provisions of the whole law). Therefore, Plaintiff is not entitled to damages under CLEC. Her corollary breach of contract claim is futile and must be dismissed.[12]

### D. Motion to Certify Question to the Court of Appeals of Maryland

Finally, Plaintiff moves the Court to certify the two questions of Maryland law to the Court of Appeals that she deems determinative of the Court's decision on the Motion to Remand and Motion to Dismiss herein. ECF No. 32. "A federal court's certification of a question of state law to that state's highest court is appropriate when the federal tribunal is required to address a novel issue of local law which is determinative in the case before it." *Grattan v. Board of School Comm'rs of Baltimore City*, 805 F.2d 1160, 1164 (4th Cir. 1986) (*citing Lehman Bros. v. Schein*, 416 U.S. 386 (1974)). "[W]here there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary . . . 'guesses' and to offer the state court the opportunity to interpret or change existing law." *Colonial Props., Inc. v. Vogue Cleaners, Inc.*, 77 F.3d 384, 387 (11th Cir. 1996) (*quoting Mosher v. Speedstar Div. of AMCA Int'l, Inc.*, 52 F.3d 913, 916–17 (11th Cir. 1995) (footnote omitted)); *see also* Md. Code Ann. Cts. & Jud. Proc. § 12-603 (providing that the Court of Appeals may answer a question of law certified to it by a United Stated District Court).

While the Court is unaware of a case in which the Court of Appeals has directly answered either question, Fourth Circuit precedent and the plain language of CLEC leaves little doubt as to how the Court must decide the pending motions. *See Lynn v. Monarch Recovery Mgmt., Inc.*,

---

[12] Because the Court finds that Plaintiff is not entitled to damages under CLEC, the Court need not consider Defendant's additional argument that the National Bank Act preempts any CLEC prohibition against the alleged convenience fees. ECF No. 16-1 at 9.

953 F. Supp. 2d 612, 622 (D. Md. 2013) ("[c]ertification is unnecessary when existing authority permits the court to reach a reasoned and principled conclusion.") (citation omitted).

Plaintiff argues that under its interpretation of CLEC, a claim accrues and is actionable when the consumer is entitled to relief (*i.e.*, when the creditor collects more than the principal amount of the loan), whereas under Defendant's interpretation, a claim accrues whenever a lender violates CLEC, regardless of whether a consumer can recover damages. ECF No. 32 at 3. As already discussed herein, Plaintiff argues that under her interpretation of the CLEC, Plaintiff's claim has not accrued because she is not entitled to any damages and, as a result, she does not have standing to pursue her claim in federal court. But whether Plaintiff is entitled to damages is distinct from whether a justiciable case or controversy exists. *See Holloway*, 669 F.3d at 453.[13] Therefore, certification of Plaintiff's first question to the Maryland Court of Appeals is unnecessary. *See Scott*, 2013 WL 6909518, at *1 (denying plaintiff's request to certify the same question to the Maryland Court of Appeals because "[t]he Fourth Circuit's decision in [*Bediako*] is directly on point.").

Regarding Plaintiff's second proposed question, the Court finds that the language of CLEC clearly establishes that she is not entitled to damages. *See Gardner*, 796 F.3d at 395 ("[s]ection 12-1018(a)(2) expressly permits creditors who violated CLEC to collect the principal amount of the loan"). Plaintiff suggests that the Court's interpretation of her second proposed question, as well as the *Gardner* and *Bediako* decisions, leave open the possibility that a creditor

---

[13] In support of her argument, Plaintiff states that *Patton v. Wells Fargo* "left open the issue of whether the accrual date is the date of the violation, the date where the credit grantor collects a non-principal payment after a CLEC violation or the date where the credit grantor recovers more than the principal amount of the credit extension." ECF No. 32 at 5 (*citing Patton v. Wells Fargo Financial Maryland, Inc.*, 85 A.3d 167 (Md. 2014)). In *Patton*, the Court of Appeals addressed CLEC's statue of limitations, not Article III standing. The court held that an action alleging that a lender violated CLEC in the repossession and sale of collateral must be brought no later than six months after satisfaction of the loan. 85 A.3d at 181. *Patton* suggests that the timing of CLEC violation may affect the statute of limitations, but not whether a case or controversy exists.

12

could repeatedly require a borrower to pay an "unauthorized fee or usurious interest until such time as the borrower repaid at least the principal amount of the loan," which "could result in adverse consequences to the borrower for years." ECF No. 32 at 6. While Plaintiff may disagree with these decisions, they are binding on this Court and clearly address the question presented. Therefore, certifying this question to the Maryland Court of Appeals is not determinative of any issues pending in this case. Plaintiff's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 16, shall be granted, and Plaintiff's Motions to Remand, ECF No. 19, Certify Legal Questions, ECF No 32, and Motion for Leave to Amend, ECF No. 25 shall be denied. Defendant's Motion to Strike, ECF No. 28, shall be denied as moot. Plaintiff's Complaint shall be dismissed with prejudice. A separate Order follows.

Dated: June 25, 2018                    /s/
                                        GEORGE J. HAZEL
                                        United States District Judge